UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GYL COLE and RONALD COLE, | : | |
|  | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 3:16-cv-1896-BRM-DEA |
|  | : | |
|  | : | |
| CAMELBACK MOUNTAIN SKI | : | |
| RESORT, JOHN DOE MAINTENANCE | : | **OPINION** |
| COMPANY I, JOHN DOE | : | |
| MAINTENANCE COMPANY II, | : | |
|  | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this court is Defendant Camelback Mountain Ski Resort's ("Camelback")[1] Motion to Transfer Venue to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 3.) Upon reviewing the papers submitted by counsel, for the reasons set forth below and for good cause having been shown, Camelback's motion is **GRANTED**.

**I.  BACKGROUND**

On February 16, 2016, Plaintiffs Gyl Cole ("Gyl") and Ronald Cole ("Ronald") (collectively, "Plaintiffs") filed a complaint in the Superior Court of New Jersey (Civ. No. OCN-L-496-16) alleging negligence and breach of duty in connection with a skiing injury suffered by Gyl on Camelback's property in Tannersville, Pennsylvania. (Dkt. No. 3-3 at 2; Dkt. No. 4 at 2.)

---

[1] The parties dispute under what name Camelback should be properly pled, although they both agree Camelback Mountain Ski Resort is improper. (Br. of Def. in Supp. of Mot. to Transfer (Dkt. No. 3-3) at 2; Br. of Pls.' in Opp. to Mot. to Transfer Venue (Dkt. No. 4) at 2.)

On April 5, 2016, Camelback filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1332, 1441. (Dkt. No. 1.)

Camelback now files this motion to transfer venue to the Middle District of Pennsylvania based on a forum selection clause in the Ski Area Use Ticket. (Dkt. No. 3-3 at 3-4.) The Ski Area Use Ticket states:

> PLEASE READ! ACCEPTANCE OF THIS TICKET CONSTITUTES A CONTRACT. THE CONDITIONS OF THE CONTRACT ARE SET FORTH BELOW AND WILL PREVENT OR RESTRICT YOUR ABILITY TO SUE CAMELBACK.
>   . . . .
> IN CONSIDERATION OF USING CAMELBACK'S FACILITIES, THE PURCHASER OR USER OF THIS TICKET AGREES TO ACCEPT THESE RISKS AND AGREES NOT TO SUE CAMELBACK SKI AREA/CAMELBEACH . . . .
> I agree that all disputes arising under this contract and/or from my use of the facilities at Camelback shall be litigated exclusively in the Court of Common Pleas of Monroe County, PA or in the United States District for the Middle District of Pennsylvania.
> THE PURCHASER OR USER OF THIS TICKET VOLUNTARILY ASSUMES THE RISK OF INJURY WHILE PARTICIPATING IN THIS SPORT.

(Cert. of Charles Blier, Ex. A (Dkt. No. 3-2) at 3.)

**II. LEGAL STANDARD**

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

In ruling on such a motion, courts impose a balancing test and take into account the factors enumerated in § 1404(a) – namely, the convenience of the parties, the convenience of the witnesses, and the interests of justice – as well as a variety of private and public interest factors

based on their relevancy to and effect on the litigation. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). One such factor is a forum selection clause, which "is treated as a manifestation of the parties' preferences as to a convenient forum" and is "entitled to substantial consideration." *Id.* at 880.

A forum selection clause is considered presumptively valid and enforceable unless the party objecting to its enforcement makes a strong showing of unreasonableness. *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 565 (D.N.J. 2000). A party can establish "unreasonableness" only if: (1) "[the clause] is the result of fraud or overreaching;" (2) "enforcement would violate a strong public policy;" or (3) "enforcement would . . . result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Id.* (quoting *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202; *Union Steel America Co. v. M/V Sanko Spruce*, 14 F. Supp. 2d 256, 686 (D.N.J. 1998)).

Where a motion to transfer venue is based on a forum selection clause, the Court must assume the parties' private interests "weigh entirely in favor of the preselected forum." *Atlantic Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 582 (2013). Therefore, the Court may only consider public-interest factors. *Id.* The party seeking to avoid the forum selection clause has the burden of establishing that public interests disfavoring the transfer outweigh the parties' choice. *Id.* In other words, "the 'interest of justice' is served by holding parties to their bargain." *Id.* at 583.

**III. DECISION**

As a threshold matter, this action plainly could have been brought in the Middle District of Pennsylvania and may, therefore, be transferred to that court pursuant to the plain language of 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any

3

other district or division where it might have been brought . . . ."). The parties agree the genesis of the accident occurred at Camelback's property in Pennsylvania. (Dkt. No. 3-3 at 2; Dkt. No. 4 at 3.) The agreement goes on to say that, should a dispute arise under this agreement, the matter "shall be litigated exclusively in the Court of Common Pleas of Monroe County, PA, or in the United States District Court for the Middle District of Pennsylvania." (*Id.*)

Plaintiffs fail to show that enforcement of the forum selection clause would be unreasonable or violate public policy.[2] Plaintiffs argue Camelback advertised extensively in New Jersey resulting in the presence of media witnesses in New Jersey. (Dkt. No. 4 at 4.) Plaintiffs also argue Gyl never agreed to the forum selection clause because Ronald purchased the ticket. (*Id.* at 3.) Finally, Plaintiffs argue, without support, the laws of Pennsylvania are inherently unfair to Plaintiffs and would not provide them with protection or remedies. (*Id.* at 5 ("[T]he Pennsylvania Legislature took it upon themselves to provide complete immunity to resorts such as Camelback because ski operators generate great income for the State of Pennsylvania.").)

The Court is not persuaded by Plaintiffs' arguments. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atlantic Marine*, 134 S. Ct. at 582. Plaintiffs' contentions are rooted primarily in their own private interests and cannot be considered. *Id.*

Likewise, the Court is not persuaded by Plaintiffs' argument that Gyl did not purchase the Ski Area Use Ticket and therefore did not agree to the forum selection clause. The language of the ticket expressly applies to both the "purchaser" and "user of th[e] ticket," and it is undisputed that Gyl was using it at the time of the accident. Further, if the Court were to entertain this argument,

---

[2] Although Plaintiffs alleged claims under New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-2, *et seq.*, Plaintiffs did not assert fraud as a basis for invaliding the forum selection clause.

4

Ronald's claims could still be transferred to Pennsylvania as the ticket purchaser. Thus, Plaintiffs, as either the purchaser or the user, are bound by the forum selection clause.

To the extent Plaintiffs argue a conflict of laws exists between Pennsylvania and New Jersey, such a motion is not before this Court. *See id.* at 584 (noting that the choice of law issue will be governed by the transferee court's rules and may result in that court applying the laws of another state). In any event, the Middle District of Pennsylvania is fully capable of applying the laws of the Pennsylvania and New Jersey.

### IV. CONCLUSION

For the reasons set forth above, Camelback's motion is **GRANTED.**

*/s/ Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  September 27, 2016